# Emaus National Bank, Appellant, *v.* David.

*Equity—Conveyance to wife—Fraud on creditors—Remedy at law—Judgment.*

A bill in equity filed by a bank, which had discounted notes for a husband, to declare a mortgage and bond from the husband to his wife and judgment entered thereon, void as a fraud upon creditors, will be dismissed where the court finds as a fact on sufficient evidence that there was no fraudulent intent on the part of the husband or wife in the execution and delivery of the mortgage and bond, that these obligations were based on a valid money consideration given by the wife to the husband, that the bank had after the execution of the bond and mortgage begun proceedings to have the husband declared an involuntary bankrupt, and that the record did not disclose whether these proceedings had resulted in any adjudication.

In such a case the bank has an adequate remedy at law, either by the proceedings in the Federal court or by proceedings to secure a judgment on its notes against the husband and issuing an execution against the property conveyed to the wife.

Argued March 12, 1918.  Appeal, No. 67, Oct. T., 1918, by plaintiff, from decree of C. P. Lehigh Co., Sept. T., 1914, No. 1, dismissing bill in equity in case of Emaus National Bank v. Louisa A. David.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Bill in equity to secure the cancellation and satisfaction of a mortgage, and a judgment entered upon a bond accompanying the mortgage.  Before GROMAN, P. J.

The pleadings and the findings of fact are summarized in the opinion of the Superior Court.

*Error assigned,* amongst others, was in dismissing the bill.

*George M. Lutz* and *Richard W. Iobst,* for appellant.

*H. W. Schantz,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

The plaintiff bank was the lawful holder, for value, of two promissory notes made by Charles W. David, the husband of the defendant.  During the period that elapsed between the discount of these notes and their maturity, the maker executed and delivered to his wife, the defendant, a judgment bond in the sum of $5,000, and a mortgage in the same amount securing the bond.  The mortgage was recorded and judgment confessed on the warrant of attorney contained in the bond.  The plaintiff bank filed this bill, averring that the said bond and mortgage were given without consideration and for the purpose of hindering, delaying and defrauding the bank as well as other creditors of the debtor.  A responsive answer was filed denying every allegation of the bill averring any actual or legal fraud in the transaction.  The case came on for final hearing, when, after making numerous findings of fact and separate conclusions of law

based thereon, the learned judge below entered a decree dismissing the bill. The plaintiff appeals.

The learned court below found as a fact there was no fraudulent intent on the part of either husband or wife in the execution and delivery of the mortgage and bond. As this finding was supported by ample evidence, we must accept it. He further found that these obligations were based, to a very considerable extent at least, on a valid money consideration given by the wife to the husband, and this finding also was supported by practically undisputed evidence. The trial judge was unable to find from the evidence offered that the debtor of the bank was insolvent and we cannot discover any abuse of his proper functions in so determining.

The answer of the defendant averred, inter alia, that this plaintiff, on a date shortly after the execution of the bond and mortgage, had begun proceedings in the proper District Court of the United States to have the bank's debtor declared to be an involuntary bankrupt and that he had filed an answer to the said petition. Whether those proceedings resulted in any adjudication, this record does not disclose. If they were still pending at the time of the filing of this bill, it would appear that jurisdiction of the whole estate of the alleged bankrupt had become vested in the Federal court. If the petition was finally dismissed, then the way was open for the present plaintiff to proceed by ordinary execution process, on the judgments it had obtained, to make the property of its debtor satisfy the amount of its claim. By such proceeding an adequate remedy at law was available. By the use of that remedy the rights of the plaintiff in the fund, created by the sale of the debtor's property, could be amply protected against any fraudulent claim. Instead of so proceeding, the plaintiff, as we have said, filed this bill praying for a decree to have the bond and the mortgage referred to cancelled and the records satisfied. Such a decree would have deprived this appellee of any opportunity to recover from the estate of her hus-

band even that portion of her claim which apparently rested on a foundation, sound in law and in morals. We are not convinced the learned court below committed any reversible error in dismissing the bill. The assignments of error are overruled.

Decree affirmed.